**Margarito RUELAS–RAMIREZ,** Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–71435.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2011.*

Filed Jan. 25, 2011.

Michael K. Mehr, Esquire, Rachael E. Keast, Esquire, Law Office of Michael K. Mehr, Santa Cruz, CA, for Petitioner.

Julie M. Iversen, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Margarito Ruelas–Ramirez, a native and citizen of Mexico, petitions for review of

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Rendon v. Mukasey,* 520 F.3d 967, 971 (9th Cir.2008), and we deny the petitions for review.

The minute order contained in the record of conviction establishes that Ruelas–Ramirez's 2007 conviction for violating California Health and Safety Code § 11378 related to methamphetamine, a federally defined controlled substance. *See United States v. Snellenberger,* 548 F.3d 699, 702 (9th Cir.2008) (en banc) (per curiam) (a clerk's minute order may be considered in applying the modified categorical approach); *see also United States v. Strickland,* 601 F.3d 963, 968–70 (9th Cir.2010) (en banc) (approving reliance on entries on a docket sheet to establish the underlying facts of the crime committed). Ruelas–Ramirez's contention that the language of the minute order is ambiguous and may not reflect the stipulated factual basis for his plea is unpersuasive. *See Snellenberger,* 548 F.3d at 702 ("Having failed to challenge or correct the minute order in state court—perhaps because there wasn't a basis for doing so—[the defendant] is now bound by what it says...."). Accordingly, the agency did not err in finding Ruelas–Ramirez removable under 8 U.S.C. § 1227(a)(2)(A)(iii), (B)(i).

**PETITION FOR REVIEW DENIED.**